# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff/Respondent,<br>  v.<br>BOBBY LEE SEHORN (2)<br>             Defendant/Petitioner. | CASE NO. 95cr0072 WQH<br>CASE NO. 16cv1573 WQH<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the motion pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner. (ECF No. 670). Defendant/Petitioner moves the Court to vacate his sentence based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016).

## BACKGROUND FACTS

      The charges against the Petitioner and his co-defendants resulted from an armed jewelry store robbery in San Diego, California on July 1, 1992. On April 12, 1996, a jury found Petitioner guilty of Count 1, interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a); and Count 2, aiding and abetting the using and carrying of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2.

      The Presentence Investigation Report calculated the guideline range for Count 1 at 151-188 months. The report stated that Petitioner was subject to mandatory consecutive terms of twenty years on Count 2 for a second conviction under 18 U.S.C.

§ 924(c).[1]

On August 30, 1996, the Court entered a Judgment sentencing Petitioner to a term of 161 months as to Counts 1, concurrent with Central District of Los Angeles Case No. 94-0362; and 240 months as to Count 2, consecutive to Count 1 and Central District of Los Angeles Case No. 94-0362. (ECF No. 462).

Petitioner filed a timely appeal of his conviction on a number of grounds and the Court of Appeals affirmed Petitioner's conviction. *United States v. Sehorn*, 137 F.3d 1094, 1104 (9th Cir. 1998).

Petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 which was denied by the district court. (ECF No. 626).

After *Johnson*, Petitioner filed a motion in the Court of Appeals seeking permission to file a second or successive petition under 28 U.S.C. § 2255. Petitioner contends that he is entitled to an order vacating his sentence based upon the decision of the Supreme Court in *Johnson* striking down the residual clause § 924(e)(2)(B)(ii) of the Armed Career Criminal Act as unconstitutional vague.

On September 20, 2016, the Court of Appeals granted the application to file a second or successive 28 U.S.C. § 2255 motion and transferred Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 to this district court. (ECF No. 676).

On February 7, 2017, Petitioner filed a supplemental pleading in support of his motion to vacate his sentence. (ECF No. 690).

## APPLICABLE LAW

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,

---

[1] Defendant had been convicted in the United States District Court for the Central District of California of 18 U.S.C. § 924(c) by jury verdict on July 6, 1994.

or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file a motion within the one year statute of limitations set forth in § 2255(f). Section 2255(f)(3) provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

## CONTENTIONS OF THE PARTIES

Petitioner contends that his sentence on Count 2 for violation of 18 U.S.C. § 924(c) must be vacated because Hobbs Act robbery is not, as a matter of law, a predicate crime of violence after *Johnson*. Petitioner contends that the holding in *Johnson* which invalidated the residual clause in the term "violent felony" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), applies equally to the residual clause in the term "crime of violence" in 18 U.S.C. § 924(c)(3)(B). Petitioner further asserts that Hobbs Act robbery is not a crime of violence under the force clause of § 924(c)(3)(A) because Hobbs Act robbery does not necessarily require the use or threatened use of violent physical force, or the intentional use or threatened use of physical force.

Respondent contends that a limited stay is appropriate because the precise question raised in this case will likely be answered by the Ninth Circuit in *United States v. Begay*, C.A. No. 14-10080.[2] Respondent asserts that Petitioner has procedurally

---

[2] In *Begay*, No. 14-10080, the Court of Appeals may determine whether *Johnson* invalidates the residual clause of §924(c)(3)(B). However, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Young v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000). Because habeas relief is intended to be "a swift and imperative remedy in all cases of illegal restraint or confinement," this Court denies the request to stay. *Id.* (citation omitted).

defaulted his claim by failing to raise it on direct appeal.³ Respondent further asserts that *Johnson* does not invalidate the residual clause of § 924(c)(3)(B), and that Hobbs Act robbery remains a crime of violence under the residual clause of §924(c)(3)(B) and the elements/force clause of §924(c)(3)(A).

## RULING OF THE COURT

Petitioner was convicted by a jury of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and aiding and abetting use and carrying of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c). 18 U.S.C. § 924(c) provides certain penalties for a person "who, during and in relation to any crime of violence..., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). Under § 924(c)(3),

> ... the term "crime of violence" means an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to the "(A)" clause of Section 924(c)(3) as the "force clause" and to the "(B)" clause of Section 924(c)(3) as the "residual clause."

Under the "categorical approach" set forth in *Taylor v. United States*, 495 U.S. 575 (1990), the Court must "determine whether the statute of conviction is categorically a 'crime of violence' by comparing the elements of the statute of conviction with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015). In this case, the Court compares the elements of Hobbs Act robbery, 18 U.S.C. § 1951(a) with the definition of "crime of violence" in §924(c)(3) to

---

³ The Court addresses the motion on the merits and does not address the argument that the Petitioner procedurally defaulted on his claim.

determine whether Hobbs Act robbery criminalizes more or less conduct.[4]

Residual clause § 924(c)(1)(B)

In *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993), the Court of Appeals stated,

> We do not address whether conspiracy to rob in violation of § 1951 is a "crime of violence" under subsection (A) of § 924(c)(3) because we conclude that it is a "crime of violence" under subsection (B). Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of "actual or threatened force, or violence"). We determine today that conspiracy to rob in violation of § 1951 "by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense." § 924(c)(3)(B).

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) defining "violent felony" is unconstitutionally vague because the application of the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557-58. The relevant language of the definition of "violent felony" found unconstitutionally vague in the residual clause of § 924(e)(2)(B)(ii) provides: "any crime . . . that . . . otherwise involves conduct that presents a serious potential risk of physical injury to another."[5] The Supreme Court concluded that the residual clause language in § 924(e)(2)(B)(ii) "leaves grave uncertainty about how to estimate the risk posed by a crime" because "[i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 2557. The Supreme Court concluded that the residual clause language "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony" by forcing the "courts to interpret 'serious potential risk' in light of the four enumerated

---

[4] The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1).

[5] Other provisions of § 924(e)(2)(B) defining "violent felony" not addressed in *Johnson* include the enumerated offenses in § 924(e)(2)(B)(ii) ("is burglary, arson, or extortion, [or] involves use of explosives"), and the remainder of the definition of violent felony in § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another").

crimes – burglary, arson, extortion, and crimes involving the use of explosives [which] are 'far from clear in respect to the degree of risk each poses.'" *Id.* at 2558 (quoting *Begay v. United States*, 553 U.S. 137, 143 (2008)). The Supreme Court concluded that "[i]ncreasing a defendant's sentence under the [residual] clause [§ 924(e)(2)(B)(ii)] denies due process of law." *Id.* at 2557.[6]

Several circuit courts have held that *Johnson* does not render the residual clause language in § 924(c)(3)(B) unconstitutionally vague because several factors distinguish the language of the residual clause in § 924(e)(2)(B)(ii). *See United States v. Taylor,* 814 F.3d 340, 376-79 (6th Cir. 2016); *United States v. Hill*, 832 F.3d 135, 144-50 (2d Cir. 2016); *United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016). This Court finds the reasoning of these decisions persuasive. *See also Hernandez v. United States*, No. 10-CR-3173-H-3 (S.D. Cal. Nov. 8, 2016) (finding these circuit decisions persuasive and concluding that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(B)); *Averhart v. United States*, No. 11-CR-1861-DMS (S.D. Cal. Nov. 21, 2016) (same).

Unlike the residual clause in § 924(e)(2)(B)(ii), the language in § 924(c)(3)(B) is distinctly narrower and does not leave "grave uncertainty about how to estimate the risk posed by a crime." *Johnson,* 135 S. Ct. at 2557. Section 924(c)(3)(B) requires the risk "that physical force against another person or property of another may be used in the course of committing the offense." This risk is more definite than the risk posed by conduct "that presents a serious risk of physical injury to another" in § 924(e)(2)(B)(ii). *See Taylor*, 814 F.3d at 376 ("[I]t deals with physical force rather than physical injury."); *Hill*, 832 F.3d at 148 (finding the "risk-of-force clause" narrower and easier to construe than "serious potential risk of physical injury to another"); *Prickett*, 839

---

[6] The Court subsequently determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

F.3d at 699 (relying upon *Taylor* and *Hill* to reach the same conclusion). "Unlike the ACCA residual clause, § 924(c)(3)(B) does not allow courts to consider 'physical injury [that] is remote from the criminal act,' a consideration that supported the Court's vagueness analysis in *Johnson*." *Taylor*, 814 F.3d at 377 (quoting *Johnson*, 135 S. Ct. at 2559). Because § 924(c)(3)(B) requires that "the risk of physical force arise 'in the course of' committing the offense," its application is limited to an offender who may potentially use physical force in the commission of the offense. *Taylor*, 814 F.3d at 377.

Unlike the residual clause in § 924(e)(2)(B)(ii), the language in § 924(c)(3)(B) does not complicate the level-of-risk by linking the "substantial risk" standard "to a confusing list of examples" leaving "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Johnson,* 135 S. Ct. at 2561; *see Taylor,* 814 F.3d at 377 ("§ 924(c)(3)(B) does not require analogizing the level of risk involved in a defendant's conduct to burglary, arson, extortion, or the use of explosives."). In addition, courts have not struggled to interpret § 924(c)(3)(B) as the courts have struggled in interpreting § 924(e)(2)(B)(ii). *See Taylor,* 814 F.3d at 378 ("[T]he Supreme Court has not unsuccessfully attempted on multiple occasions to articulate the standard applicable to the § 924(c)(3)(B) analysis.").

Based upon the material differences between the residual clause in § 924(e)(2)(B)(ii) and the residual clause language in § 924(c)(3)(B), this Court agrees with the circuit decisions that the reasoning in *Johnson* does not apply to render § 924(c)(3)(B) unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition."). The residual clause language in § 924(c)(3)(B) provides the application of a "qualitative standard such as 'substantial risk' to real-world conduct" recognized as constitutional by the Supreme Court. *Id.* at 2562.

Petitioner further asserts that the decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th

Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016) requires the Court to conclude that *Johnson* invalidates the residual clause language in § 924(c)(3)(B). In *Dimaya,* the Court of Appeals concluded that the definition of "crime of violence" set forth in 18 U.S.C. § 16(b) as incorporated into 8 U.S.C. § 1101(a)(43)(F) is unconstitutionally vague. The Court of Appeals concluded that the language at issue, identical to § 924(c)(3)(B), "gives no more guidance than" the residual clause language in § 924(e)(2)(B)(ii) invalidated in *Johnson.* However, the Court of Appeals expressly stated, "Our decision does not reach the constitutionality of 18 U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast doubt on the constitutionality of 18 U.S.C. §16(a)'s definition of a crime of violence." 803 F.3d at 1120 n.17. Therefore, *Dimaya* does not control the issue of the constitutionality of § 924(c)(3)(B). *See Hernandez*, No. 10-CR-3173-H-3 (S.D. Cal. Nov. 8, 2016)("*Dimaya* does not control the present issue in this case – the constitutionality of § 924(c)(3)(B)."), and *Averhart v. United States*, No. 11-CR-1861-DMS (S.D.Cal. Nov. 21, 2016) ("*Dimaya* does not compel the Court to hold § 924(c)(3)(B) unconstitutional."); *see also Shuti v. Lynch*, 828 F.3d 440, 450-51 (6th Cir. 2016) (concluding that *Johnson* is applicable to the INA residual clause as in *Dimaya* and distinguishing the application of *Johnson* to the ACCA residual clause as in *Taylor*).

This Court concludes that Petitioner's conviction in Count 1 for interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) remains a crime of violence under § 924(c)(3)(B). *See Mendez*, 992 F.2d at 1491.

Force clause § 924(c)(1)(A)

The Court compares the elements of Hobbs Act robbery, 18 U.S.C. § 1951(a) with this definition of "crime of violence" in §924(c)(3)(A) to determine whether Hobbs Act robbery criminalizes more or less conduct. Hobbs Act robbery is a crime of violence under § 924(c)(3) if the offense "has as an element the use, attempted use, or

threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

In *Mendez*, the Court of Appeals stated, "Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of "actual or threatened force, or violence")." 922 F.2d at 1491. The Court of Appeals limited its holding that Hobbs Act robbery was crime of violence under the ACCA in *Mendez* to the residual clause in §924(c)(3)(B). On June 24, 2016, the Court of Appeals explicitly rejected the argument that Hobbs Act robbery "does not necessarily involve 'the use, attempted use, or threatened use of physical force.'" *United States v. Howard*, 650 Fed. App'x. 466, 468 (9th Cir. 2016) (citing 18 U.S.C. § 924(c)(3)(A)). The Court of Appeals explained:

> Focusing on the Hobbs Act's "actual or threatened force, or violence" language, we have previously stated that Hobbs Act "[r]obbery indisputably qualifies as a crime of violence" under § 924(c). *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir.1993). Howard, however, argues that because Hobbs Act robbery may also be accomplished by putting someone in "fear of injury," 18 U.S.C. § 1951(b), it does not necessarily involve "the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A). Howard's arguments are unpersuasive and are foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir.1990). In *Selfa*, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by intimidation," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2,2 which uses the nearly identical definition of "crime of violence" as § 924(c). *Selfa*, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. *Id.* (emphasis added) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir.1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as crime of violence.

*Id.* The Court of Appeals stated: "Because we conclude that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause, we need not consider Howard's arguments regarding § 924(c)'s alternative 'residual clause' definition of 'crime of violence.'" *Id.* at 468 n.3. The panel clearly stated the conclusion that Hobbs

Act robbery qualifies as a crime of violence under § 924(c)'s force clause.

The Court of Appeals in *Howard* further stated: "Howard does not argue that Hobbs Act robbery may be accomplished through *de minimis* use of force, and we take no position on that issue or the applicability of these precedents to Hobbs Act robbery." *Id.* at 468 n.1. In this case, Petitioner asserts that the issue of *de minimis* force is precisely one of the bases for his argument that § 1951 is overbroad. This Court is not persuaded by the argument that Hobbs Act robbery does not qualify as a crime of violence under §924(c)'s force clause because it may be accomplished by *de minimis* force. The Hobbs Act defines "robbery" as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury*, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1) (emphasis added). The offense requires proof of the intentional use or threatened use of physical force, "that is, force capable of causing physical pain or injury to another." *Johnson v. United States*, 559 U.S. 133, 140 (2010). In the alternative, the offense robbery requires robbery by means of "fear of injury" which satisfies the requirement of a threatened use of physical force. Petitioner has not demonstrated more than a theoretical possibility that Hobbs Act robbery can be committed with *de minimus* contact. This Court is in agreement with the panel in *Howard* that Hobbs Act robbery in violation of 18 U.S.C. § 1951(b)(1) is a categorical match to the force clause of § 924(c)(3)(A).

## CONCLUSION

Petitioner's conviction in Count 1 for interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) remains a crime of violence under § 924(c). Petitioner is not entitled to relief under 28 U.S.C. § 2255.

Rule 11(a) Governing § 2255 Cases in the U.S. Dist. Cts. provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." A petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336(2003). The Court concludes that the issues raised in this appeal are appropriate for certificate of appealability.

IT IS HEREBY ORDERED that motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner is denied. (ECF No. 670). The Clerk is directed to close this case. Defendant/Petitioner is granted a certificate of appealability.

DATED: February 17, 2017

**WILLIAM Q. HAYES**
United States District Judge